# UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re: §
§
WARNER, DONALD K § Case No. 14-31518
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 08/28/2014. The undersigned trustee was appointed on 08/28/2014.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of     $     11,308.63

    Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 543.92 |
| Bank service fees | 47.11 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]     $ | 10,717.60 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 02/10/2015 and the deadline for filing governmental claims was 02/24/2015 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,441.06 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 1,441.06 , for a total compensation of $ 1,441.06 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 49.57 , for total expenses of $ 49.57 [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 09/29/2015            By:/s/Peter N. Metrou, Trustee
                                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1
Exhibit A

| | | |
|---|---|---|
| Case No: 14-31518  BWB  Judge: BRUCE W. BLACK | Trustee Name: | Peter N. Metrou, Trustee |
| Case Name: WARNER, DONALD K | Date Filed (f) or Converted (c): | 08/28/14 (f) |
| | 341(a) Meeting Date: | 09/24/14 |
| For Period Ending: 09/29/15 | Claims Bar Date: | 02/10/15 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. ESTATE OF A DECEDENT (u) | 0.00 | 0.00 | | 11,308.63 | FA |
| Partial Distribution from a Trust held by deceased father of Debtor. | | | | | |
| 2. CHECKING ACCT | 100.00 | 0.00 | | 0.00 | FA |
| 3. HOUSEHOLD GOODS | 800.00 | 0.00 | | 0.00 | FA |
| 4. WEARING APPAREL | 60.00 | 0.00 | | 0.00 | FA |
| 5. Possible med mal case | Unknown | 0.00 | | 0.00 | FA |
| TOTALS (Excluding Unknown Values) | $960.00 | $0.00 | | $11,308.63 | Gross Value of Remaining Assets $0.00 (Total Dollar Amount in Column 6) |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Investigation into inheritance not reported on schedules.

Initial Projected Date of Final Report (TFR): 09/30/15     Current Projected Date of Final Report (TFR): 09/30/15

LFORM1   UST Form 101-7-TFR (5/1/2011) *(Page: 3)*                                                                                                Ver: 18.04

FORM 2

Page: 1

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 14-31518 -BWB | Trustee Name: | Peter N. Metrou, Trustee |
|---|---|---|---|
| Case Name: | WARNER, DONALD K | Bank Name: | Associated Bank |
| | | Account Number / CD #: | *******5207 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******7540 | | |
| For Period Ending: | 09/29/15 | Blanket Bond (per case limit): | $ 1,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 12/04/14 | 1 | Jerome S. Warner Trust<br>1010 Tower Circle Dr.<br>Marseilles, IL 61341-1025 | Liquidation of inheritence | 1229-000 | 11,308.63 | | 11,308.63 |
| 01/08/15 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 15.18 | 11,293.45 |
| 02/06/15 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 16.79 | 11,276.66 |
| 03/06/15 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 15.14 | 11,261.52 |
| 03/19/15 | 005001 | ADAMS LEVINE<br>SURETY BOND AGENCY<br>60 EAST 42ND STREET, ROOM 965<br>NEW YORK, NY 10165 | BOND PREMIUM<br>BOND# 10BSBGR6291 | 2300-000 | | 10.92 | 11,250.60 |
| 07/02/15 | 005002 | Foremost Insurance Company<br>P.O. Box 0915<br>Carol Stream, IL 60132-0915 | 134 W 2nd St, Streator, IL<br>Insurance to cover residence of debtor inherited | 2420-000 | | 533.00 | 10,717.60 |

|  |  |  |  |
|---|---|---|---|
| COLUMN TOTALS | 11,308.63 | 591.03 | 10,717.60 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 11,308.63 | 591.03 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 11,308.63 | 591.03 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Checking Account (Non-Interest Earn - *******5207 | 11,308.63 | 591.03 | 10,717.60 |
| | ---------------- | ---------------- | ---------------- |
| | 11,308.63 | 591.03 | 10,717.60 |
| | ========= | ========= | ========= |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals    11,308.63    591.03

LFORM24   UST Form 101-7-TFR (5/1/2011) (Page: 4)                         Ver: 18.04

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 2

Exhibit B

| Case No: | 14-31518 -BWB | | Trustee Name: | Peter N. Metrou, Trustee |
| Case Name: | WARNER, DONALD K | | Bank Name: | Associated Bank |
| | | | Account Number / CD #: | *******5207 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******7540 | | | |
| For Period Ending: | 09/29/15 | | Blanket Bond (per case limit): | $ 1,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

Page Subtotals          0.00          0.00

ANALYSIS OF CLAIMS REGISTER
EX C

CASE NO: 14-31518-BWB
CASE NAME: WARNER, DONALD K
CLAIMS BAR DATE: 02/10/15
CLAIMS REVIEWED BY: Peter N. Metrou, Trustee

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| | Peter N. Metrou, Trustee<br>123 W. Washington Street<br>Suite 216<br>Oswego, IL 60543 | Administrative | | 0.00 | 1,441.06 | 1,441.06 |
| | Peter N. Metrou, Trustee<br>123 W. Washington Street<br>Suite 216<br>Oswego, IL 60543 | Administrative | | 0.00 | 49.57 | 49.57 |
| | | | Subtotal for Class Administrative | 0.00 | 1,490.63 | 1,490.63 |
| 999<br>8200-00<br>Surplus Funds Paid to Debtor | DONALD K WARNER<br>1305 N STERLING ST<br>STREATOR, IL 61364 | Unsecured | | 0.00 | 0.00 | 4,398.01 |
| 000002<br>070<br>7100-00<br>General Unsecured 726(a)(2) | Sprint Corp.<br>Attn Bankruptcy Dept<br>PO Box 7949<br>Overland Park KS 66207-0949 | Unsecured | | 0.00 | 1,139.46 | 1,139.46 |
| 000003<br>070<br>7100-00<br>General Unsecured 726(a)(2) | Anesthesiology Consultants LTD<br>c/o Certified Services Inc<br>P O Box 177<br>Waukegan, IL 60079 | Unsecured | | 0.00 | 233.61 | 233.61 |
| 000004<br>070<br>7100-00<br>General Unsecured 726(a)(2) | nicor gas<br>po box 549<br>Aurora il 60507 | Unsecured | | 0.00 | 1,099.10 | 1,099.10 |

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 000005 001 2100-00 Trustee Compensation | Frontier Communications Bankruptcy Dept 19 John St Middletown, NY 10940 | Unsecured | | 0.00 | 210.88 | 210.88 |
| 000006 070 7100-00 General Unsecured 726(a)(2) | American InfoSource LP as agent for DIRECTV, LLC PO Box 51178 Los Angeles, CA 90051-5478 | Unsecured | | 0.00 | 555.90 | 555.90 |
| 000007 080 7200-00 Tardy General Unsecured 726(a)(3) | OSF Healthcare System PO Box 1806 Peoria, IL 61656 | Unsecured | (7-1) Account Number (last 4 digits):1952 | 0.00 | 1,584.22 | 1,584.22 |
| | Subtotal for Class Unsecured | | | 0.00 | 4,823.17 | 9,221.18 |
| | Case Totals: | | | 0.00 | 6,313.80 | 10,711.81 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 14-31518
Case Name: WARNER, DONALD K
Trustee Name: Peter N. Metrou, Trustee

Balance on hand $ 10,717.60

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Peter N. Metrou, Trustee | $ 1,441.06 | $ 0.00 | $ 1,441.06 |
| Trustee Expenses: Peter N. Metrou, Trustee | $ 49.57 | $ 0.00 | $ 49.57 |

Total to be paid for chapter 7 administrative expenses     $ 1,490.63
Remaining Balance                                          $ 9,226.97

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 3,238.95  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000002 | Sprint Corp. | $ 1,139.46 | $ 0.00 | $ 1,139.46 |
| 000003 | Anesthesiology Consultants LTD | $ 233.61 | $ 0.00 | $ 233.61 |
| 000004 | nicor gas | $ 1,099.10 | $ 0.00 | $ 1,099.10 |
| 000005 | Frontier Communications | $ 210.88 | $ 0.00 | $ 210.88 |
| 000006 | American InfoSource LP as agent for | $ 555.90 | $ 0.00 | $ 555.90 |
| | Total to be paid to timely general unsecured creditors | | $ | 3,238.95 |
| | Remaining Balance | | $ | 5,988.02 |

Tardily filed claims of general (unsecured) creditors totaling $ 1,584.22  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 100.0 percent.

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000007 | OSF Healthcare System | $ 1,584.22 | $ 0.00 | $ 1,584.22 |
| | Total to be paid to tardy general unsecured creditors | | $ | 1,584.22 |
| | Remaining Balance | | $ | 4,403.80 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of 0.1 % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $ 5.79 . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $ 4,398.01 .